IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAQUELINE JOHNSON,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Civ. No. 3:15-cv-01995-TC

**OPINION & ORDER**

THOMAS COFFIN, Magistrate Judge.

Plaintiff Jaqueline Johnson ("Plaintiff"), seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. For the reasons set forth below, the decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff was born on February 7, 1961, has a marginal education, and is able to communicate in English. Tr. 21. She has no relevant past work. *Id.* Plaintiff filed her initial claim for SSI on June 20, 2012, alleging disability due to Raynaud's disease, arthritis, depression, "learning," stenosis of the spine, degenerative discs, fibromyalgia, asthma, and eczema of the right arm and shoulder beginning on March 31, 1994. Tr. 12, 68. She later amended her alleged onset date to June 20, 2012. Tr. 12.

Plaintiff's claim was denied initially and upon reconsideration. Tr. 12. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff appeared at a hearing and testified before ALJ S. Andrew Grace on August 13, 2014, in Portland, Oregon. *Id.* On

August 29, 2014, the ALJ determined that Plaintiff was not disabled. Tr. 23. On August 20, 2015, the Appeals Council denied Plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). An impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c); 416.920(c). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that

point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found that although Plaintiff had worked after the alleged onset date, her work activity did not rise to the level of substantial gainful activity. Tr. 14. At step two, the ALJ determined that Plaintiff had the following severe impairments: cervical degenerative disc disease, plantar fasciitis, neuroma, hallux varus, Raynaud's syndrome, and headaches. *Id.* At step 3, the ALJ determined that Plaintiff's impairments did not meet or medically equal one of the listed impairments. Tr. 16/

The ALJ then assessed Plaintiff's RFC and determined that Plaintiff could perform light exertion work with the following limitations: she can never climb ladders, ropes, or scaffolds; she can occasionally climb ramps or stairs; occasionally stoop or crawl; occasionally do overhead reaching bilaterally; she can frequently finger or handle bilaterally; she must avoid concentrated exposure to vibrations, hazards, pulmonary irritants, and extreme temperature; and she must be allowed to change position from sit to stand and from stand to sit at the work station approximately every thirty minutes. Tr. 17.

At step four, the ALJ determined that Plaintiff had no relevant past work. Tr. 21. At step five, the ALJ found that Plaintiff had the RFC to perform work as a mailroom clerk or office helper. Tr. 22. Accordingly, the ALJ found Plaintiff not disabled. Tr. 22-23.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal

quotations omitted). In reviewing the Commissioner's alleged errors, this court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995)). A reviewing court, however, cannot affirm the Commissioner's decision on a ground that the agency did not invoke in making its decision. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

Plaintiff asserts that the ALJ erred by finding her subjective symptom testimony not fully credible. To determine whether a claimant's testimony is credible, an ALJ must perform a two-stage analysis. 20 C.F.R. § 416.929. The first stage is a threshold test in which the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). At the second stage of the credibility analysis, absent evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of symptoms. *Carmickle v. Comm'r*, 533 F.3d 1155, 1160 (9th Cir. 2008).

The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). Factors the ALJ must consider when making a credibility determination include the objective medical evidence, the claimant's treatment history, the claimant's daily activities, inconsistencies in testimony, effectiveness or adverse side effects of any pain medications, and relevant character evidence.[1] *Id.*

An ALJ may use "ordinary techniques of credibility evaluation" in assessing a claimant's credibility, such as prior inconsistent statements concerning the symptoms, testimony that appears less than candid, or a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). A claimant's daily activities may undermine her allegations if the claimant spends a substantial part of her day engaged in activities that are transferrable to a work setting or if the activities contradict her testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms was not entirely credible based on: (1) a lack of supporting objective medical evidence; (2) inconsistencies between Plaintiff's daily activities and the claimed degree of limitation; (3) Plaintiff's limited treatment history and conservative treatment.

---

[1] The Court notes that the Social Security Administration recently "eliminate[ed] the use of the term 'credibility' from [its] sub-regulatory policy" to "clarify that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14167 (Mar. 16, 2016) (superseding SSR 96-7p). The changes to the agency's practice articulated in SSR 16-3p could not apply to the ALJ decision in this case because 42 U.S.C. § 405(g) does not contain any express authorization from Congress allowing the Commissioner to engage in retroactive rulemaking. *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 214-15, n.3 (1988); *Garner v. Colvin*, 626 F. App'x 699, 701 (9th Cir. 2015).

## I. Objective Medical Evidence

It is proper for the ALJ to consider the objective medical evidence in making a credibility determination. 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2). However, an ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

In this case, the ALJ noted that Plaintiff "alleged a high degree of limitation because of her impairments," but that Plaintiff's "clinical examinations and objective test results did not reveal the presence of any acute or chronic abnormalities that were severe enough to prevent [Plaintiff] from performing at least some light work activity." Tr. 20. The ALJ also noted that "[t]he record does not contain any opinions from treating or examining physicians indicating that [Plaintiff] is disabled or even has limitations greater than those determined in this decision[.]" *Id.*

Plaintiff argues that the ALJ erred in assessing objective medical evidence in the record, in particular as it related to the flattening of Plaintiff's cervical spinal cord. "[I]n interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (internal quotation marks and citation omitted). Furthermore, Plaintiff does not allege any specific limitations resulting from the flattening of her cervical spinal cord, beyond those already incorporated into the RFC. *See Valentine v. Comm'r*, 574 F.3d 685, 692 n.2 (9th Cir. 2009) ("We reject any invitation to find that the ALJ failed to account for [the plaintiff's] injuries in some unspecified way."). The ALJ's reading of the record is rational and the Court cannot substitute its judgment for that of the ALJ. *See Batson*, 359 F.3d at 1198.

Furthermore, the ALJ was careful to note that his adverse credibility finding was *not* based solely on the lack of supporting objective medical evidence. Tr. 20. Based on this record, the Court cannot conclude that the ALJ erred in weighing the objective medical evidence as a factor in assessing Plaintiff's credibility.

**II.     Daily Activities**

Daily activities can support the discounting of a claimant's alleged limitations when the claimant's activities either contradict her other testimony or meet the threshold for transferable work skills. *Molina*, 674 F.3d at 1112-13. In evaluating a claimant's purported limitations, the ALJ need not consider whether the claimant's activities are equivalent to full-time work; it is sufficient that the claimant's activities "contradict claims of a totally debilitating impairment." *Id.* at 1113.

In this case, the ALJ found that Plaintiff's activities of daily living were inconsistent with her claims of a totally disabling impairment. Specifically, the ALJ noted that Plaintiff had lived alone for much of the relevant period and that she now performed housecleaning in lieu of rent. Tr. 21. Plaintiff performed household chores and was able to drive, in addition to cleaning. Tr. 46. Plaintiff was "active" and contemplating a lengthy relocation to Florida. Tr. 21. Her physician had noted a significant amount of physical activity. *Id.* Most significantly, the ALJ noted that Plaintiff was self-employed as a house cleaner for between two and fourteen hours per week. *Id.*

Plaintiff asserts that the ALJ erred by considering her part-time work. Performance of job duties on a part-time basis, while not sufficient to establish the capacity to work full time, can constitute a legitimate reason for discounting a claimant's assertion of disability. *See, e.g., Bray v. Comm'r*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Martin v. Colvin*, No. 6:12-CV-2306-PK,

2014 WL 2772551, at *13 (D. Or. June 18, 2014). The ALJ did not err by considering Plaintiff's part-time work. The ALJ also reasonably concluded that Plaintiff's other daily activities were inconsistent with her claims of a totally disabling impairment.

Although Plaintiff presents an alternative interpretation of the record, the ALJ's interpretation is rational and the Court may not substitute its judgment for that of the Commissioner. *See Batson*, 359 F.3d at 1198.

### III. Limited Treatment History

An ALJ may consider whether a claimant's level or frequency of treatment is inconsistent with the level of complaints in making a credibility finding. *Molina*, 674 F.3d at 1114. "[U]nexplained, or inadequately explained, failure to seek treatment may be the basis for an adverse credibility finding, . . . but disability benefits may not be denied because of a claimant's failure to obtain treatment he cannot obtain for lack of funds." *Orn*, 495 F.3d at 638 (internal quotation marks and citation omitted).

In this case, the ALJ noted that Plaintiff had only seen a treatment provider four times in two years. Tr. 20. Plaintiff testified that the last time she had ongoing treatment of any kind was in 2009. Tr. 40-41. At the hearing, the ALJ asked why Plaintiff had received less treatment recently and Plaintiff explained that she has limited insurance, which will cover initial consultations and x-rays, but will not cover treatment, although she later clarified that there were certain procedures that would be covered. Tr. 39, 41-42. The ALJ found this explanation unpersuasive in light of the alleged severity of Plaintiff's conditions, the fact that Plaintiff had health insurance, and the limited number of visits to medical providers. Tr. 20.

Conservative treatment, such as managing pain with over-the-counter medication, may also be "sufficient to discount a claimant's testimony regarding [the] severity of an impairment."

*Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). Plaintiff alleges severe pain from her impairments. Tr. 35, 39, 42, 45. Plaintiff does not like to take prescription pain medication, however, and and uses ibuprofen, Epsom salts, Ben-Gay, and cold packs to manage her pain. Tr. 40, 45-46. Plaintiff testified that she takes Lorazepam at night because it calms her down and helps her sleep. Tr. 50. An ALJ may infer that pain is not disabling if the claimant seeks only minimal conservative treatment. *Tommasetti*, 533 F.3d at 1039-40. The ALJ appropriately considered Plaintiff's limited treatment history and conservative treatment in weighing Plaintiff's credibility.

## CONCLUSION

Based on the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is AFFIRMED.

It is so ORDERD and DATED this 5th day of May, 2017.

THOMAS COFFIN
United States Magistrate Judge